# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANDRY DAVID APONTE LISBOA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2411-SLP** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Andry David Aponte Lisboa, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). Chief United States District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court dismiss the Petition.

## I. Background

Petitioner, a citizen of Venezuela, entered the United States without inspection on or about September 20, 2023. Resp. at 2. On September 21, 2023, ICE placed him into

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

removal proceedings through issuance of a Notice to Appear, and he was released the same day on an Order of Release on Recognizance. *Id.*

On March 11, 2026, ICE took custody of Petitioner after a traffic stop, and he remains in ICE custody. *Id.* Later, on April 6, 2026, Petitioner filed with this Court a petition seeking habeas relief ("First Habeas Petition"). Doc. 8-3; *Lisboa v. Mullin*, No. CIV-26-724 SLP, 2026 WL 2211642 at *1 (W.D. Okla. Jul. 31, 2026) (*Lisboa I*). In the First Habeas Petition, he claimed violations of the Immigration and Nationality Act ("INA"), his due process rights, and the Administrative Procedures Act ("APA"). Doc. 8-3 at 7-8. This Court concluded 8 U.S.C. § 1226(a) governed Petitioner's detention and ordered Respondents to provide a bond hearing to him under that section. *Lisboa I*, 2026 WL 2211642 at *1-2. On August 11, 2026, an Immigration Judge ("IJ") held a bond hearing and denied Petitioner's bond request after finding his "release would pose a significant risk of flight that no amount of bond or combination of conditions could mitigate." Doc. 8-1 at 3 (IJ Bond Order). Petitioner filed the current Petition on September 8, 2026. Pet. at 1.[2]

On June 8, 2026, an IJ denied Petitioner's application for asylum and withholding of removal, and the IJ ordered him removed to Venezuela (or in the alternative, Colombia).

---

[2] Petitioner filed a timely reply on October 1, 2026. Doc. 9. On November 5, 2026, weeks after briefing was complete, he filed a Supplemental Memorandum of Law in Support of Petition for Writ of Habeas Corpus. Doc. 10. To the extent Petitioner now challenges the sufficiency of his bond hearing or the length of his detention with that filing, such claims are untimely and cannot be raised for the first time at this stage. *See, e.g.*, *SCO Grp., Inc. v. Novell, Inc.*, 578 F.3d 1201, 1226 (10th Cir. 2009) (recognizing "general rule" "that a party waives issues and arguments raised [] for the first time" in a reply brief).

Doc. 8-2 at 1, 3 (IJ Order); EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Nov. 10, 2026). On July 7, 2026, Petitioner appealed the removal order to the Board of Immigration Appeals, and the appeal is pending. EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed Nov. 10, 2026). The removal order is thus not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 10, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition. He first alleges a violation of his Fifth Amendment due process rights when he was arrested without a warrant, charges, a Notice to Appear, or pre-deprivation hearing. Pet. at 6. Petitioner next claims his "protected liberty interests" were "taken illegally" when, as an asylum seeker, ICE and police officers arrested him. *Id*. Finally, he alleges he has "no criminal record" and his ICE detention is "excessive punishment." *Id*. Petitioner seeks "immediate relief." *Id*. at 7.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

"Where . . . a petitioner files multiple § 2241 petitions, the later-filed cases generally proceed in one of two ways." *Salib v. Figueroa*, No. CIV-26-1250-D, 2026 WL 2393174, at *1 (W.D. Okla. Aug. 17, 2026) (quoting *Lazare v. De Anda-Ybarra*, No. 26-CV-00808, 2026 WL 2071154, at *1 (D.N.M. July 17, 2026)). "If the first § 2241 case is still pending, the later filed petition may be dismissed as duplicative and without prejudice" and "[t]he petitioner is then free to continue prosecuting claims in his . . . existing § 2241 case." *Id.; see also Lazare*, 2026 WL 2071154, at *1 (collecting cases dismissing duplicate § 2241 immigration petitions). "On the other hand, if 'the first § 2241 was denied on the merits and final judgment has been entered, the Court may deny the second petition as an abuse of the writ.'" *Salib*, 2026 WL 2393174, at *1 (quoting *Fotabong v. FNU LNU*, No. 26-CV-02087, 2026 WL 2011037, at *1 (D.N.M. July 10, 2026))

## IV. Analysis

### A. The abuse-of-the-writ doctrine bars Petitioner's claims because they were raised or could have been raised in his First Habeas Petition.

Petitioner filed his First Habeas Petition, and this Court ordered Respondents to provide him with a bond hearing under § 1226(a). *Lisboa I*, 2026 WL 2211642 at *1-2. Respondents now argue the abuse-of-the-writ doctrine warrants dismissal of the pending Petition. Resp. at 3-5. The principle called "abuse of the writ" developed in case law and is akin to the statutory bar on successive habeas petitions under 28 U.S.C. §§ 2254 and 2255. *See Calderon v. Thompson*, 523 U.S. 538, 554, 558 (1998) (noting the statutory provisions applicable to § 2254 "do not govern" § 2241 proceedings, but may "inform

[judicial] consideration" of the abuse-of-the-writ doctrine).[3] The abuse-of-the-writ doctrine authorizes a court to dismiss successive § 2241 claims raised in a prior petition as well as any new "claim that could have been presented in an earlier petition but was not," *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010). *See also Petrocelli v. Angelone*, 248 F.3d 877, 884 (9th Cir. 2001) (noting "generally the abuse of the writ doctrine forbids the reconsideration of claims that were or could have been raised in a prior habeas petition") (citation modified). While "the government bears the burden of pleading abuse of the writ," once it does so, "the burden to disprove abuse then becomes petitioner's." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (citation modified). Petitioner must "show that a fundamental miscarriage of justice would result from a failure to entertain the claim." *Id*. at 494-495.

Here, Petitioner raises the same general due process claims in his Petition that he asserted in his First Habeas Petition. *See* Doc. 8-3 at 7-8 (alleging violation of his due process from traffic stop where ICE arrested him); *Lisboa I*, 2026 WL 2211642 at *1. With the Petition, he uses new labels for his due process claims but makes similar legal and

---

[3] Respondents acknowledge the general bar on second-or-successive habeas petitions does not apply to immigration detainees like Petitioner. Resp. at 4. Judges in this District have concluded 28 U.S.C. § 2244(a) "does not bar [an immigration habeas] petitioner's new § 2241 habeas challenge since it only applies to a petitioner who is in detention 'pursuant to a judgment of a court of the United States,' and [an immigration habeas] petitioner's detention is not pursuant to such a judgment." *Lopez Galvan v. Figueroa*, No. CIV-26-943-HE, Order, Doc. 11 at 3 n.3 (W.D. Okla. June 17, 2026) (quoting *Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007)); *see also Alsheref v. Mullin*, No. CIV-26-89-G, 2026 WL 2333813, at *4 n.5 (W.D. Okla. Aug. 12, 2026) (noting "consideration of [an immigration detainee's] Petition is not barred by 28 U.S.C. § 2244(a)").

factual arguments. Pet. at 6 (arguing a violation of his due process rights based on his arrest without "a pre-deprivation hearing" and "with no charges nor warrant"); *id*. (alleging his "protected liberty interest" "as an asylum seeker" was "affected"). These arguments, while phrased slightly differently than before, relate to the same issue of whether he received adequate due process with his ICE arrest and detention. *See Singh v. Warden, Otero Cnty. Processing Ctr.*, No. CV-26-1988, 2026 WL 1815471, at *2 (D.N.M. June 24, 2026) (ordering petitioner to show cause why second petition should not be dismissed for abuse of the writ where though his arguments were "phrased slightly differently than before," both petitions "appear to turn on the same issue [of] whether [he] received adequate process in connection with his immigration detention").

To the extent Petitioner now claims his ICE arrest and detention "with no charges nor warrant" violated his rights and imposed "excessive punishment" from "no criminal record," Pet. at 6, he fares no better. First, his "excessive punishment" claim is conclusory and not sufficiently developed. Even if the undersigned read the Petition adequately to allege such claims about a warrantless arrest or excessive punishment from ICE detention based on no criminal history, "those claims could have been raised in an earlier [petition] but were not." *Stanko*, 617 F.3d at 1270. Further, Petitioner has not "establish[ed] that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id*. at 1271 (citing *McCleskey*, 499 U.S. at 489). He offers no explanation for why he did not or could not raise such claims in his First Habeas Petition, considering those facts existed when he initially filed in April 2026. "Habeas petitioners may not choose to withhold claims for disposition in later proceedings, and even negligence in discovering a

claim will not excuse a delay." *Daniels v. United States*, 254 F.3d 1180, 1190 (10th Cir. 2001). "Instead, a petitioner must show that his efforts to raise the claim at earlier stages were 'impeded' by 'some objective factor external to the defense,' for example, where 'the factual or legal basis for a claim was not reasonably available to counsel' during earlier proceedings." *Id*. (quoting *McClesky*, 499 U.S. at 493-94).

Accordingly, the Court should dismiss the Petition for abuse of the writ because Petitioner raised or could have raised all claims in his First Habeas Petition. *See Salomov v. Blanche*, No. CIV-26-1632-R, 2026 WL 2667458, at *4-5 (W.D. Okla. Sep. 10, 2026) (recommending application of abuse of the writ for a successive § 2241 petition alleging claims that were previously raised or could have bene raised in an earlier habeas proceeding) (R&R), *adopted*, 2026 WL 2825767 (W.D. Okla. Sep. 21, 2026); *Kumar v. Mullin*, No. CIV-26-1158-R, 2026 WL 2533143, at *3 (W.D. Okla. Aug. 27, 2026) (same) (R&R), *adopted*, 2026 WL 2694135, at *1 (W.D. Okla. Sep. 14, 2026).

## V. Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the Petition, Doc. 1, for habeas relief. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 24, 2026.** *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 3, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 10th day of November, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE